IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REGINALD TURNER | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-07-CV-0995-N |
| | § | |
| GARLAND POLICE DEPARTMENT, | § | |
| ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Reginald Turner, a Texas prisoner, against the City of Garland, Texas, alleging the use of excessive force by one or more of its police officers. On May 15, 2007, plaintiff tendered a form civil rights complaint to the district clerk and filed a motion to proceed *in forma pauperis*.[1] Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of his claims. The interrogatories were mailed to plaintiff at the McLennan County Jail, the address listed in his

---

[1] Plaintiff filed his complaint in the Waco Division of the Western District of Texas. On May 21, 2007, the case was transferred to this court pursuant to 28 U.S.C. § 1406(a).

complaint, on June 8, 2007. Seven days later, on June 15, 2007, the unopened envelope containing the interrogatories was returned to the clerk with the notation, "Return to Sender Because Not At This Address."[2] The court now determines that this case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

II.

A district court has authority to dismiss a case for want of prosecution or failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co.*, 756 F.2d 399, 401 (5th Cir. 1985), *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.*; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

The court sent written interrogatories to plaintiff at the McLennan County Jail--the only address listed in his complaint. However, plaintiff is no longer incarcerated at that facility and has not provided the court with his current address.[3] Without this information, the court cannot communicate with plaintiff and this litigation cannot proceed. Dismissal is the only option available

---

[2] An order requiring plaintiff to submit a certified copy of his inmate trust account statement was included in the same envelope as the interrogatories. The unopened envelope returned to the court also contained this order.

[3] The form civil rights complaint filed by plaintiff advises that "[i]t is your responsibility to inform the Court of any change of address and its effective date . . . Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure." Plf. Compl. at 2.

under the circumstances. *See Blackmon v. Texas Board of Pardons and Paroles*, No. 3-04-CV-1520-N, 2004 WL 1809746 at *1 (N.D. Tex. Aug. 12, 2004) (Kaplan, J.), *rec. adopted*, 2004 WL 2049218 (N.D. Tex. Sept. 3, 2004) (Godbey, J.) (dismissing complaint for failure to provide court with current address).

### RECOMMENDATION

This case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 6, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE